MYLES, APPELLANT, *v.* JOHNS-MANVILLE SALES CORP. ET AL., APPELLEES.

(No. 45264—Decided June 6, 1983.)

*Mr. Robert E. Sweeney* and *Mr. Thomas H. Terry,* for appellant.

*Mr. Thomas P. Mulligan* and *Mr. Lively M. Wilson,* for appellee Johns-Manville Sales Corp.

*Mr. Robert D. Archibald,* for appellee Unarco Industries, Inc.

*Mr. Parker M. Orr,* for appellee GAF Corp.

*Mr. Robert G. Quandt,* for appellee Armstrong World Industries.

*Mr. Richard J. Disantis,* for appellee Raybestos-Manhattan, Inc.

*Mr. John M. Cronquist,* for appellee Fibreboard Corp.

*Mr. William P. Farrall,* for appellee Standard Asbestos Manufacturing and Insulating Co.

*Mr. Thomas A. Dugan,* for appellee Nicolet Industries, Inc.

*Mr. Thomas R. Frutig,* for appellees Keene Corp. and Keene Bldg. Products Corp.

*Mr. L. Edward York,* for appellee Forty-Eight Insulation Co.

DAY, P.J. Plaintiff-appellant Curtis Myles ("plaintiff") appeals the grant of a motion for summary judgment by defendants-appellees Johns-Manville Sales Corp. *et al.* ("defendants") on the ground that plaintiff's suit is barred by the statute of limitations (R.C. 2305.10). For the reasons adduced below, the judgment is reversed.

I

The plaintiff worked for thirty years as a fire bricklayer for many employers installing, utilizing, and removing asbestos-containing blocks, bricks, boards, and pipes in steel mills and factories. In October 1976, the plaintiff's failing health forced him to retire from his occupation at the age of fifty-two. In March 1978, a medical doctor diagnosed asbestosis. A complaint, alleging that the plaintiff was suffering from that malady, was filed on February 12, 1979. The complaint sounded in tort and was based on products liability theory. It alleged that the plaintiff's exposure to the defendants' asbestos products directly and proximately caused him to develop asbestosis. The defendants' alleged liability stemmed from negligence in failing to provide warnings of a known danger, and strict liability under Section 402(A) of the Restatement of the Law, Torts 2d. The complaint further alleged that the defendants manufactured and sold a product which was defective when it left the defendants' control and injured the plaintiff.

At different points in the litigation several of the defendants moved for summary judgment on the ground that the plaintiff's claim was barred by the statute

of limitations. In a journal entry filed September 30, 1981, the court of common pleas denied the motions. On January 14, 1982, the court of appeals decided the case of *O'Stricker* v. *Jim Walter Corp.* (Jan. 14, 1982), Cuyahoga App. No. 43514, unreported. *O'Stricker* partially reversed a grant of summary judgment in favor of the defendants there, but found that O'Stricker's cause of action accrued for purposes of the statute of limitations on the date of his last exposure to asbestos-containing materials. Apparently relying on *O'Stricker,* on March 29, 1982, the court of common pleas granted the defendants' motions for summary judgment on the ground that the statute of limitations had run.[1]

The applicable statute of limitations is R.C. 2305.10. Prior to June 12, 1980, the statute provided:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

On June 12, 1980, Am. H. B. No. 716 took effect. The bill amended R.C. 2305.10 by adding:

"For purposes of this section, a cause of action for bodily injury caused by exposure to asbestos or to chromium in any of its chemical forms arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured by such exposure, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured by the exposure, whichever date occurs first."

## II

In his appeal the plaintiff assigned as errors:

Assignment of Error No. I

"It is the law in Ohio that the statute .

of limitations cannot begin to run until a cause of action accrues."

Assignment of Error No. II

"The statute of limitations pertaining to this cause of action, Ohio Revised Code § 2305.10, should be applied as amended as it is a remedial statute and applicable to proceedings conducted after its adoption."

Assignment of Error No. III

"Ohio Revised Code § 2305.10, as construed by the court, in *O'Stricker* v. *Jim Walter Corporation,* denies the appellant due process guaranteed by the Fourteenth Amendment to the United States Constitution and access to the courts guaranteed by Article I, Section 16 of the Ohio Constitution.

"(A) Ohio Revised Code § 2305.10 as applied by the trial court denies appellant due process guaranteed by the Fourteenth Amendment of the United States Constitution.

"(B) Ohio Revised Code § 2305.10 as applied by the trial court denies appellant access to the courts in violation of Article I, Section 16 of the Ohio Constitution."

Assignment of Error No. IV

"Ohio Revised Code § 2305.10 as applied by the trial court in this case is violative of the equal protection guarantee of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Ohio Constitution."

## III

In the first assignment of error the plaintiff argues that his cause of action should be determined to have accrued (and thus the running of the two-year statute of limitations commenced) upon his discovery of: (1) the fact of injury, and (2) the cause of the injury. He contends that the epidemiological nature of asbestos exposure-related diseases requires that an injury be deemed to have been discovered by a potential plaintiff only after a causal relation is established between his medical problems and his

---

[1] But, see, *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84.

previous exposure to asbestos. That event occurred, the plaintiff claims, in March 1978. The filing of the suit in February 1979 would, under the suggested rule, satisfy the statute of limitations.

In the very recent case (April 13, 1983) of *O'Stricker* v. *Jim Walter Corp.,* 4 Ohio St. 3d 84, at 90, the Supreme Court of Ohio adopted and defined the discovery rule as applied to the accrual of bodily injury actions under R.C. 2305.10:

"When an injury does not manifest itself immediately, the cause of action arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first."

Obviously, *O'Stricker* is dispositive of the issues in Assignment of Error No. I and No. II as well. Those two assignments are well-taken. That finding moots the remaining Assignments (Nos. III and IV).

IV

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.[2]

*Judgment reversed
and cause remanded.*

Parrino and Grey, JJ., concur.

Grey, J., of the Fourth Appellate District, sitting by assignment in the Eighth Appellate District.

---

[2] Factual questions may remain. One of them is certainly the discovery date. That alone renders this cause unsuitable for summary disposition.